UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LISA M. NOYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:05-cv-278 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Lisa M. Noyes seeks to recover attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket ## 21, 26.) A court awards a prevailing party attorney's fees unless the government can show that its position was substantially justified. *Conrad v. Barhnart*, 434 F.3d 987, 989 (7th Cir. 2006) (citing *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004); 28 U.S.C. § 2412(d)(1)(A), (B)). The government's position is examined as a whole, using a totality of the circumstances approach. *See Godbey v. Massanari*, No. 99 C 2690, 2001 WL 1035205, at *2 (N.D. Ill. Sep. 4, 2001); *Lane v. Apfel*, No. 99 C 2640, 2001 WL 521835, at *3 n.6 (N.D. Ill. May 16, 2001). Here, the Court concludes that under the totality of the circumstances, the government's position is substantially justified; therefore, Noyes's motion for attorney's fees will be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Noyes brought this suit to contest a denial of disability benefits by Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner"). On March 20, 2006, this Court entered an Order reversing and remanding the Commissioner's denial of benefits. (Docket # 19.) Noyes now moves to recover attorney's fees under the EAJA. (Docket ## 21, 26.) The Commissioner,

however, opposes Noyes's fee request, arguing that its position was "substantially justified."

## II. LEGAL STANDARD

Under the EAJA, a court may award attorney fees when: "(1) the claimant is a 'prevailing party;' (2) the government was not substantially justified in its position; (3) no 'special circumstances' make an award unjust; and (4) the fee application is timely and supported by an itemized statement." *Conrad*, 434 F.3d at 989 (citing *Golembiewski*, 382 F.3d at 723-24; 28 U.S.C. § 2412(d)(1)(A), (B)). Here, the only element in dispute is whether the government's litigation position when defending the Commissioner's denial of benefits was substantially justified.

The substantial justification standard requires that the government show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (internal quotation marks omitted); *see also Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Conrad*, 434 F.3d at 989; *Golembiewski*, 382 F.3d at 724. The Commissioner bears the burden of establishing that its position was substantially justified. *Cunningham*, 440 F.3d at 863 (citing *Golembiewski*, 382 F.3d at 724).

Furthermore, if either the Commissioner's prelitigation conduct or its litigation position was substantially justified, EAJA fees will not be awarded. 28 U.S.C. § 2412(d)(2)(D); *Cunningham*, 440 F.3d at 863 (citing *Golembiewski*, 382 F.3d at 724). The court, however, must "make only one determination for the entire civil action." *Golembiewski*, 382 F.3d at 724. Thus, a court makes a "global assessment" to determine whether the Commissioner was "substantially

justified in continuing to push forward at each stage." *Hallmark Constr. Co.*, 200 F.3d at 1081; *see also Godbey*, 2001 WL 1035205, at *2 ("[The] Court must determine whether the Government's position was substantially justified as a whole."); *Lane*, 2001 WL 521835, at *3 n.6 (emphasizing that a court must focus on the "totality of the circumstances" and the government's "overall position").

### III. DISCUSSION

In our March 20, 2006, Order, this Court reversed and remanded the Commissioner's decision, finding that the Administrative Law Judge ("ALJ") improperly evaluated three medical opinions of record, improperly discredited Noyes's testimony, failed to analyze the testimony of Noyes's former supervisor, and potentially erred when posing hypothetical questions to the vocational expert ("VE"). The government argues that its position regarding each of those issues was substantially justified; these arguments will be summarized and discussed in turn.[1]

*A. The government's positions regarding the medical opinions of Dr. Jennifer Fray and Christine Raches are not substantially justified*

We found in our March 20, 2006, Order that it was not apparent from the face of the ALJ's opinion whether he considered certain medical opinions provided by the Park Center, specifically the evaluation of Dr. Fray, a psychiatrist, and the HAPI report of Raches, a psychology intern. The government makes numerous arguments for why those medical opinions should not be given any weight, attempting to rehabilitate the ALJ's decision by impermissibly advancing *post hoc* rationalizations for the ALJ's omission of the medical opinions. *See Bady v.*

---

[1] While courts have been cautioned against "argument counting," it is permissible "to consider individual arguments in order to make one overall assessment . . . ." *Lane*, 2001 WL 521835, at *3 n.6.

3

*Sullivan*, No. 87 C 962, 1992 WL 107293, at *2 (N.D. Ill. May 14, 1992) (The government "is not entitled to avoid fees under EAJA by offering *post-hoc* rationalizations.") More importantly, these arguments fail address the fact that the ALJ *totally failed to mention*, much less weigh, the medical opinions, which is well-established legal error. *See* 20 C.F.R. § 404.1527 ("[W]e will evaluate every medical opinion we receive. . . . We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."); SSR 96-5p ("[O]ur rules provide that adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner.").

With regard to Dr. Fray's opinion, the government further argues that the ALJ is "not required to address each and every piece of evidence." (Def.'s Resp. to Pl.'s Pet. for Attorney Fees under the Equal Access to Justice Act 4) (citing *Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995) ("[A]n ALJ need not provide a complete written evaluation of every piece of testimony and evidence . . . .")). However, "[w]hen an ALJ fails to discuss such an important piece of evidence [as a medical opinion] he not only fails to 'give good reasons' for his decision as required by the regulations, 20 C.F.R. § 404.1527(d)(2), he makes it impossible for the reviewing court to tell whether the evidence was rejected or simply overlooked." *Samuel v. Barnhart*, 316 F. Supp. 2d 768, 773-74 (E.D. Wis. 2004) (citing *Zblewski v. Schweiker*, 732 F.2d 75, 78-79 (7th Cir. 1984); *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003); *Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003); *Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001); *Godbey v. Apfel*, 238 F.3d 803, 808 (7th Cir. 2000)). Given the clear mandate of 20 C.F.R. § 404.1527 and the cases cited above, the Court finds that the government's position regarding the failure of the ALJ to address Dr. Fray's medical opinion is not substantially

justified.

The government also suggests that the ALJ did, in fact, consider the HAPI report of Raches, claiming that the ALJ "summarized this report, and properly observed that it merely documented Plaintiff's complaints." (Def.'s Resp. 4.) This argument is odd indeed, as the ALJ never mentions either Raches or the HAPI report by name,[2] and thus does not subjectively characterize the report as "merely documet[ing] Noyes's complaints."[3]

For the reasons given above, we find that the government's position was not substantially justified with regard to the failure of the ALJ to clearly address the opinions of Dr. Fray and Raches. Nevertheless, because the Court makes a global determination, and because we find the government's following positions are substantially justified, we will find that the government's litigation position as a whole is substantially justified.

*B. The government's position when defending the ALJ's rejection of Dr. Sami's medical opinion is substantially justified*

In contrast with his failure to address the opinions of Dr. Fray and Raches, the ALJ did evaluate Dr. Sami's opinion, "rejecting" it because it was "not consistent with objective medical

---

[2] The ALJ summarizes Noyes's Park Center records as follows:
Progress notes from Park Center from October 2003 until November 2004 reveal that the claimant complained of feeling depressed, anxious, paranoid, jealous, and angry. She generally denied feeling suicidal but felt that she suffered from sleep and appetite disturbances, as well as racing thoughts, memory problems, and panic attacks. It was felt that her insight into her problems was poor and that she was sometimes impulsive and indecisive. She denied ever having been hospitalized for psychiatric problems. Her affect was generally anxious (Ex. 8F, 9F).
(Tr. 15-16.) Because these complaints and opinions are documented throughout Noyes's Park Center Records, it is difficult to tell whether the ALJ specifically considered Raches's HAPI report.

[3] In fact, the government's *post hoc* characterization of the report as "merely document[ing] Plaintiff's complaints" is likewise problematic, as the HAPI Scoring Instructions provide that only one of the items "is intended to be the consumer's own rating of how distressing the overall symptoms are and how much they interfere with his/her daily life." Hoosier Assurance Plan Instrument–Adults (HAPI-A) Scoring Instructions, Appendix B (2002), *available* at http://www.in.gov/fssa/servicemental/pdf/Hapi-Ascore.pdf. All of the other items are scored according to the clinician's own judgment. *Id.*

5

evidence [or] corroborated by any other medical opinion of record." (Tr. 17.) When reversing and remanding the case, we found that the ALJ failed to meet his duty of minimal articulation when he "rejected" Dr. Sami's opinion. More specifically, we held that the ALJ ostensibly collapsed the two-step process of weighing a treating source's opinion, making it difficult to determine, without speculation, whether the ALJ committed legal error and whether he weighed Dr. Sami's opinion using all of the factors listed in 20 C.F.R. § 404.1527(d).

The government, arguing that its position was substantially justified, cites *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir.1992), for the proposition that "an articulation deficiency does not justify an award of attorney fees." (Def.'s Resp. 3.)[4] Indeed, an ALJ's failure "to meet th[e] articulation requirement in no way necessitates a finding the [government's] position was not substantially justified . . .," because "[t]he requirement that the ALJ articulate his consideration of the evidence is deliberately flexible." *Stein*, 996 F.2d at 319-20. The government argues that its belief that the ALJ met his burden of minimal articulation was reasonable because he gave some reasons for rejecting Dr. Sami's opinion. Given that "the level of articulation required is far from precise," *id.* at 319, we agree that the government's position is substantially justified.[5] *See Cunningham*, 440 F.3d at 865 ("We have no trouble concluding the Commissioner's position was substantially justified, even though the ALJ was not as thorough in

---

[4] Insofar as the government claims that *Stein* establishes a *per se* rule that "an articulation deficiency does not justify an award of attorney fees," this argument is rejected. *See Conrad*, 434 F.3d at 991 ("Any reliance on *Stein* as establishing a per se rule would be erroneous . . . .").

[5] Noyes argues that the ALJ did more than fail to meet the burden of minimum articulation, he also committed an error of law by failing to consider all of the factors listed in 20 C.F.R. § 404.1527(d). The Seventh Circuit, however, has not mandated that an ALJ provide a written analysis of all of the factors. *See Hofslien v. Barnhart*, 439 F.3d 375, 377 (7th Cir. 2006) ("The Rule [20 C.F.R. § 404.1527(d)] goes on to list various factors that the administrative law judge *should* consider, such as how often the treating physician has examined the claimant, whether the physician is a specialist in the condition claimed to be disabling, and so forth.") (emphasis added).

his analysis as he could have been.")

*C. The government's position when defending the ALJ's discrediting of Noyes is substantially justified*

When rendering his decision, the ALJ discredited Noyes, finding that because she is able to "live alone, do household chores, care for her children on weekends, read romance books," get along well with her sister and mother, and go out and play pool with her friends, "there is no reason to find that she is not able completely unable [sic] to function independently outside of the home." (Tr. 17.) The Court held that the ALJ failed "to consider the difference between engaging in sporadic physical activities and [Noyes's] being able to work eight hours a day five consecutive days a week." *Carrandine v. Barnhart*, 360 F.3d 751, 755 (7th Cir. 2004); *see also Mendez v. Barnhart*, 439 F.3d 360, 362 (7th Cir. 2006) (cautioning the Commissioner "against placing undue weight on a claimant's household activities in assessing the claimant's ability to hold a job outside the home"); *Gentle v. Barnhart*, 430 F.3d 865, 867 (7th Cir. 2005) (emphasizing that an ALJ must not casually equate household work with employment in the labor market).[6]

Although the cases cited above warn an ALJ to exercise caution when relying on the claimant's daily activities, they do not prohibit an ALJ from considering those activities as part of the credibility determination. Indeed, 20 C.F.R. § 404.1529(c)(3)(i) lists the claimant's daily activities as one of the factors the ALJ should consider when rendering a credibility determination.

---

[6] Noyes argues that "[t]he Commissioner should have reasonably known given the case law [cited above] that she would have to defend the issue." Noyes, however, misstates the standard of review, which is whether the government's position in defending the ALJ's decision is reasonable, not whether the government should have reasonably anticipated a challenge to the ALJ's decision.. *See Hallmark Constr. Co.*, 200 F.3d at 1080.

7

In fact, the government cites other Seventh Circuit cases that list the claimant's activities as one basis for discrediting the claimant. *See Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004); *Scheck v. Barnhart*, 357 F.3d 697, 703 (7th Cir. 2004); *Johansen v. Barnhart*, 314 F.3d 283, 288-89 (7th Cir. 2002); *Jens v. Barnhart*, 347 F.3d 209, 213-14 (7th Cir. 2003); *Skarbek v. Barnhart*, 390 F.3d 500, 504-05 (7th Cir. 2004). These decisions, however, rely on other factors in addition to the claimant's daily activities when upholding the ALJ's credibility determination. As a result, the government argues here that the ALJ seemingly relied on factors other than Noyes's activities when he discredited her. For example, the ALJ ostensibly discredited Noyes based on medical evidence, noting that State Agency Physician Dr. Martin opined that Noyes "seemed to be capable of gainful employment," that Noyes has never been hospitalized for psychiatric treatment, and that "there is no evidence of any episodes of decompensation of extended duration."[7] (Tr. 17.)

Because 20 C.F.R. § 404.1529(c)(3)(i) provides that an ALJ may rely on a claimant's daily activities when rendering a credibility determination and because the ALJ seemingly relied on medical evidence when reaching his credibility decision, we find that the government's position is substantially justified, even if the ALJ's analysis was not as thorough as it should have been under current Seventh Circuit law. *Compare Cunningham*, 440 F.3d at 865 (finding the government's position regarding the ALJ's credibility determination substantially justified, "even though the ALJ was not as thorough in his analysis as he could have been") *with Golembiewski*, 382 F.3d at 724 (finding the Commissioner's position not substantially justified

---

[7] The government also makes several impermissible *post hoc* arguments in an attempt to rehabilitate the ALJ's credibility determination. For example, the government claims that Noyes did not require "aggressive" treatment and that she suffered from drug and alcohol "abuse"; however, the ALJ did not characterize the evidence in this way and did not indicate that he relied upon any evidence of Noyes's drug and alcohol use to discredit her.

8

because the "the ALJ's decision contained no discussion of credibility").

*D. The government's position when defending the ALJ's failure to consider the testimony of Noyes's former supervisor is substantially justified*

We also remanded the Commissioner's decision because the ALJ failed to analyze the testimony of Tim Brown, in his capacity as Noyes's former supervisor, regarding Noyes's ability to perform work. Because Brown is also Noyes's ex-live-in-boyfriend, he testified about how Noyes's mental conditions affect her day-to-day living; however, we found that this line of testimony was essentially redundant and that the ALJ, therefore, did not need to conduct a separate analysis of it. Noyes argued on appeal to this Court that the ALJ should have evaluated Brown's entire testimony, and because she prevailed on only part of her argument and even then only as a result of the Court drawing a hair-line distinction, we hold that the government's position was substantially justified.

Furthermore, although the ALJ did not specifically analyze Brown's testimony, it is clear that he gave it at least fleeting consideration, as he provided a one-sentence summary of the testimony in his written opinion. (*See* Tr. 16.) The ALJ ultimately concluded, perhaps based on this testimony, that Noyes could not perform her past work. Because "the level of articulation [required of the ALJ] is far from precise," *Stein*, 996 F.2d at 319, the government is substantially justified in its belief that the ALJ's brief summary provided adequate articulation.

*E. The government's position in defending the ALJ's hypothetical questions to the VE is substantially justified*

Finally, this Court found that it was unclear from the record whether the ALJ's hypothetical to the VE was flawed, because portions of the ALJ's instructions to the VE were

ostensibly inaudible and were not, therefore, included in the transcript. Specifically, it was unclear whether the ALJ limited the VE to the facts in the hypothetical or whether the VE could consider everything in the record when answering. Noyes argues that because neither party prevailed on this issue, "it probably cannot be considered a basis for substantial justification." To the contrary, we find that because Noyes did not prevail on this issue, the government's argument that its position was substantially justified is bolstered.[8] *See Conrad*, 434 F.3d at 989 (plaintiff must be a "prevailing party" in order to be awarded attorney's fees under the EAJA).

## IV. CONCLUSION

Based on the foregoing reasons, the Court finds that the government's position when defending the Commissioner's denial of disability benefits is substantially justified. Therefore, Noyes's motion for attorney's fees (Docket ## 21, 26) is DENIED.

SO ORDERED.

    Enter for May 31, 2006.

                                                                   S/Roger B. Cosbey
                                                                   Roger B. Cosbey
                                                                   United States Magistrate Judge

---

[8] When litigating the appeal from the Commissioner's final decision, neither party mentions the inaudible portions of the record, instead focusing on the whether the ALJ needed to account for his finding that Noyes was limited in her ability to sustain concentration, persistence, and pace when posing his hypothetical to the VE. In its brief opposing Noyes's motion for fees, the government again does not mention the unclearness of the record; rather, the government argues that even if the ALJ instructed the VE to stick to the particular facts of the hypothetical, the ALJ reasonably accounted for Noyes's limitations when he limited the hypothetical individual to simple, repetitive tasks.

    We note that under similar circumstances, the Seventh Circuit, in a recent unpublished decision, found the Commissioner's position substantially justified because "there is uncertainty in the law regarding the formulation of hypothetical questions accounting for mental limitations." *Kusilek v. Barnhart*, No. 05-2010, 2006 WL 925033, at *3 (7th Cir. April 4, 2006) (quoting *Marcus v. Shalala*, 17 F.3d 1033, 1037 (7th Cir. 1994) ("Uncertainty in the law arising from conflicting authority or the novelty of the question weighs in the government's favor when analyzing the reasonableness of the [Commissioner's] litigation position."); *Golembiewski*, 382 F.3d at 724 (because ALJ's decision "violated clear and long judicial precedent" by not containing a credibility discussion, the Commissioner's defense of the decision was not substantially justified)).